## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 24 2016, 9:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tony Edelen,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 24, 2016

Court of Appeals Cause No.
49A02-1510-CR-1722

Appeal from the Marion Superior Court

The Honorable Clayton Graham, Judge
The Honorable Duane Merchant, Judge Pro-Tempore

Trial Court Cause No.
49G07-1503-CM-8223

**Barnes, Judge.**

# Case Summary

Tony Edelen appeals his conviction for Class A misdemeanor theft. We affirm.

# Issue

The sole issue is whether there is sufficient evidence to sustain Edelen's conviction.

# Facts

On January 20, 2015, Matthew Cavendish was working as a loss prevention officer for a Kroger grocery store in Indianapolis. On that date, he noticed Edelen come into the store. Cavendish recognized Edelen from several previous encounters with him. Cavendish watched Edelen from a distance and saw him take four bottles of whiskey from the shelf and remove security caps from the top of the bottles. Edelen then concealed the bottles on his person and walked out of the store without paying for them. Cavendish lost sight of Edelen after he left the store and before police arrived on the scene. When police arrived and found and detained Edelen, he had no stolen merchandise on him. However, Cavendish went behind the store, where he had seen Edelen walking towards before police arrived, and found four bottles of whiskey with the security caps removed.

The State charged Edelen with Class A misdemeanor theft. After a bench trial, Edelen was convicted as charged. Edelen now appeals.

# Analysis

Edelen contends there was insufficient evidence to convict him of theft. When reviewing a claim of insufficient evidence, we must consider only the probative evidence and reasonable inferences supporting a conviction without reweighing evidence or assessing witness credibility. *Lewis v. State*, 34 N.E.3d 240, 245 (Ind. 2015). The evidence is sufficient if a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

"A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class A misdemeanor." Ind. Code § 35-43-4-2(a). Additionally:

> Evidence that a person:
>
> (1) concealed property displayed or offered for sale or hire; and
>
> (2) removed the property from any place within the business premises at which it was displayed or offered to a point beyond that at which payment should be made;
>
> constitutes prima facie evidence of intent to deprive the owner of the property of a part of its value and that the person exerted unauthorized control over the property.

I.C. § 35-43-4-4(c).

[7]     Edelen complains that he was not actually in possession of the four bottles of whiskey when he was apprehended by police outside the Kroger. However, the theft statute does not require that a defendant be found in possession of the stolen property. *K.F. v. State*, 961 N.E.2d 501, 508 (Ind. Ct. App. 2012), *trans. denied*. He also faults the lack of certain evidence, such as proof that the whiskey bottles came from the Kroger, surveillance video, and fingerprint or DNA evidence. Police and prosecutors are entitled to allocate investigative resources, depending on the severity of the offense, and are not required to collect every piece of evidence possible in every single case that comes before them. Rather, we note the well-settled rule that a single eyewitness's testimony is sufficient to sustain a conviction. *Rutherford v. State*, 866 N.E.2d 867, 871 (Ind. Ct. App. 2007). Here, Cavendish presented unequivocal eyewitness testimony that he observed Edelen remove four bottles of whiskey from a shelf, pull the security caps off of them, conceal them, and then walk out of the store without paying for them. Although the bottles were not on Edelen's person when police apprehended him, they were located in an area behind the store where Cavendish had seen Edelen walking after he left the store. This is sufficient evidence that Edelen stole the bottles of whiskey, particularly in light of Indiana Code Section 35-43-4-4(c). Edelen's claims that Cavendish's testimony by itself was insufficient is clearly an invitation to reweigh the evidence, which we must refuse.

## Conclusion

[8]     There is sufficient evidence to sustain Edelen's conviction for theft. We affirm.

Affirmed.

Vaidik, C.J., and Mathias, J., concur.